IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

FEDERAL NATIONAL MORTGAGE    *
ASSOCIATION,    *
   *
    Plaintiff,    *
   *
     v.    *
   *
KENNETH ALAN INBODEN d/b/a    *
AAMHBIZ,    *
   *
    Defendant.    *

MAR 16 2026

FILED

CV 124-103

**O R D E R**

Presently before the Court is Plaintiff's motion for default judgment. (Doc. 13.) Defendant has not appeared, pled, or otherwise defended this action. For the following reasons, Plaintiff's motion for default judgment is **GRANTED**.

## I. BACKGROUND

Plaintiff Federal National Mortgage Association ("Fannie Mae") initiated the present action on July 2, 2024 and filed an amended complaint on July 3, 2024. (Docs. 1, 4.) Plaintiff is a federally chartered corporation that is statutorily recognized as a citizen of the District of Columbia. (Doc. 4, at 1.) Defendant is a presumed resident of Georgia given his last known address is in Burke County, Georgia. (Id. at 2.) Plaintiff states that around May 17, 2023, Defendant contracted with Fannie Mae to place

a manufactured home at 142 Briar Creek Road, Waynesboro, Georgia 30830 (the "Briar Creek Home") for $209,300.00. (Id. at 3.) Fannie Mae made payments in June and July 2023 to Defendant totaling $196,975.00. (Id.) Defendant accepted the money, but he failed to provide or install the Briar Creek Home per the purchase agreement. (Id.) Another purchase agreement was entered into by the Parties for a different manufactured home to be placed and installed at 174 Eagle Pass Court, Hephzibah, Georgia 30815 (the "Eagle Pass Home"). (Id. at 4.) Fannie Mae agreed to pay Defendant $258,400.00 for the Eagle Pass Home purchase and installation. (Id.) Fannie Mae paid Defendant $193,800.00 for the purchase of the Eagle Pass Home on August 11, 2023. (Id.) Defendant again accepted payment but failed to complete the delivery of the home and installation requirements. (Id.) Plaintiff's complaint details seven counts against Defendant: (1) Breach of Briar Creek Home purchase agreement in the amount of $196,975.00 plus pre-judgment interests; (2) Breach of Eagle Pass Home purchase agreement in the amount of $193,800.00 plus pre-judgment interests; (3) Fraud resulting in actual damages; (4) Negligent Misrepresentation; (5) Conversion; (6) Punitive Damages; (7) Attorneys' Fees awarded pursuant to O.C.G.A. § 13-6-11. (Id. at 5-12.)

On October 23, 2024, Plaintiff filed a motion for default judgment without first obtaining a clerk's entry of default. (Doc.

2

6.)   The Court's April 25, 2025 Order denied Plaintiff's motion for default and permitted Plaintiff to refile its motion after properly obtaining an entry of default pursuant to Federal Rule of Civil Procedure 55(a).   (Doc. 10, at 3.)   On April 28, 2025, Plaintiff moved for entry of default pursuant to Federal Rule of Procedure 55(a).   (Doc. 11.)   The Clerk entered default the same day.   (Doc. 12.)   Then on May 9, 2025, Plaintiff filed the present motion for default judgment.   (Doc. 13.)   Plaintiff requests the Court grant default judgment, asserting Defendant failed to appear or otherwise respond to Plaintiff's complaint for over eight months.   (Id. at 2.)   Plaintiff requests the Court enter default judgment and award actual and compensatory damages in favor of Plaintiff, as well as pre-judgment interest and attorneys' fees and costs.   (Id.)   On March 3, 2026, the Court requested clarification on Plaintiff's calculations for attorneys' fees, and Plaintiff responded on March 10, 2026.   (Docs. 15, 16.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), "a court may enter default judgment against a defendant when (1) both subject matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the defendant, and (3) the plaintiff shows the damages to which it is entitled." Senn Brothers, Inc. v. Heavenly Produce Palace LLC, No. 1:19-cv-196,

3

2020 WL 2115805, at * 1 (S.D. Ga. May 4, 2020) (citation omitted). Final judgment is appropriate so long as "the pleadings state a substantive cause of action and contain a sufficient basis to support the relief sought." Kennedy v. NILA Invs., LLC, No. 2:19-cv-090, 2020 WL 3578362, at *1 (S.D. Ga. July 1, 2020) (citing Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)); see also Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (holding default judgment is merited only "when there is a sufficient basis in the pleadings for the judgment entered").

Further, a "defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact" set forth in the complaint. Surtain, 789 F.3d at 1245 (citation omitted); Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotations and citation omitted)). Although well-pleaded allegations of fact are deemed admitted, defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Surtain, 789 F.3d at 1245 (citation and internal quotation marks omitted).

## III. DISCUSSION

Defendant has failed to appear, plead, or otherwise defend himself in this action. Accordingly, default judgment is appropriate if the above requirements are met. See Senn Brothers, 2020 WL 2115805, at *1 (citation omitted). The Court addresses each requirement below.

### A. Jurisdiction

Plaintiff filed its complaint against Defendant pursuant to 28 U.S.C. § 1332(a). (Doc. 4, at 2.) Plaintiff's principal place of business is in the District of Columbia, and it is statutorily deemed a District of Columbia corporation for jurisdiction purposes under 12 U.S.C. § 1717(a)(2)(B). (Id. at 1.) Defendant is a resident of Georgia. (Id. at 2.) The Court finds it has subject matter jurisdiction over this action because the amount in controversy exceeds $75,000.00 and there is complete diversity between the Parties. Venue is proper in the Augusta Division of the Southern District of Georgia because Defendant is a resident of Burke County, Georgia, located within this District, and the actions giving rise to this action occurred in or are closely related to this District. (Id.) Moreover, the Court has personal jurisdiction over the Defendant because Plaintiff served Defendant and proof of such service was filed with the Court. (Doc. 5.)

**B. Liability**

Based on Plaintiff's allegations and the evidence of record, the Court is satisfied that the well-pleaded allegations of the complaint state a cause of action for breach of contract against Defendant and that there is a substantive, sufficient basis in the pleadings for the relief Plaintiff requests.[1]  Plaintiff seeks a default judgment against Defendant for all counts in the amended complaint that awards actual damages of $390,775.00 for Defendant's failure to perform as agreed, pre-judgment interest of $47,738.72, and calculated attorneys' fees of $20,193.60 due to Defendant's bad faith in dealing.  (Doc. 13, at 9.)

Plaintiff's well-pleaded allegations are outlined above.  The evidence submitted by Plaintiff includes the Declaration of Cory Dakin (the "Declaration"), a senior manager of real estate asset management at Fannie Mae, which contains the payment details associated with these claims.  (Doc. 13-2, at 2-5.)  Defendant has failed to serve any response to Plaintiff's pleadings; therefore, the Court deems all well-pleaded factual allegations as true for purposes of its analysis.

Under Georgia law, the elements for a breach of contract claim are: (1) breach; (2) resultant damages; (3) to the party who has

---

[1] Plaintiff's complaint sets forth five causes of action — two counts of breach of contract, fraud, negligent misrepresentation, and conversion.  Because the Court is satisfied that Plaintiff has established the claims for breach of contract, it need not address the others.

6

the right to complain about the contract being broken. Norton v. Budget Rent A Car Sys., Inc., 307 Ga. App. 501, 502 (2010). Here, the evidence shows Defendant breached the terms of both purchase agreements. Specifically, Plaintiff paid Defendant $196,975.00 in furtherance of the Briar Creek Home agreement and $193,800.00 pursuant to the Eagle Pass Home agreement. (Doc. 13-2, at 4.) No work was completed by Defendant at either property by the date of the Declaration. (Id.) Plaintiff made demands to perform on Defendant multiple times pursuant to both agreements and made demand for the return of the funds, but to no avail. (Id. at 5.) Defendant's failure to complete the work or return the funds resulted in damages because the money was improperly kept from Plaintiff, who received none of the agreed-upon benefits of payment. (Doc. 13, at 4.)

Based on these facts, the Court finds Defendant is liable for damages resulting from his breach of both agreements.

## C. Damages

Even with a default judgment, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003) (citations omitted). But a court need not conduct an evidentiary hearing when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1); S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th

Cir. 2005). Plaintiff requests $390,775.00 in actual damages, $47,738.72 in pre-judgment interest, and $20,193.60 in attorneys' fees and costs. (Doc. 13, at 5-9.)

Plaintiff's motion for default judgment, along with relevant affidavits and exhibits, sufficiently explains how the total amounts for damages and pre-judgment interest were calculated. (Id. at 5-6.) The Court noted a discrepancy in the amounts calculated for attorneys' fees in its March 3, 2026 Order, and Plaintiff responded and explained the error. (Doc. 15; Doc. 16, at 1.) Plaintiff shows it entered into a contract with Defendant on the Briar Creek Home around June 21, 2023, and a contract regarding the Eagle Pass Home on July 28, 2023. (Doc. 13, at 3-4.) Plaintiff made payments to Defendant totaling $196,975.00 under the Briar Creek Home agreement and $193,800.00 under the Eagle Pass Home agreement. (Id. at 4.) Finally, Plaintiff asserts no work had started on either contract, and the money held by Defendant was never returned. (Id. at 4-5.)

Pursuant to O.C.G.A. § 13-6-13, Plaintiff is entitled to pre-judgment interest. "In all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery." O.C.G.A. § 13-6-13. The damages requested for counts one and two of the complaint equal the amounts paid by Plaintiff to Defendant at the start of their contractual relationship. (Doc. 13, at 5.)

8

These amounts were specific and calculable at the time of the breaches, and they are identical to the damages at the time of the breach because the harm inflicted was the payment of funds without Defendant's performance. Plaintiff has sought return of the amounts it paid Defendant ever since the breach occurred. (Doc. 13-2, at 5.)

However, Plaintiff's pre-judgment interest was calculated through April 30, 2025. (Doc. 13, at 6.) Pre-judgment interest must be recalculated through the present, at the statutory rate of seven percent (7%) per annum. See S. Water Tech.'s, Inc., v. Kile, 481 S.E.2d 826, 829 (Ga. App. 1997) (finding statutory rate of interest in O.C.G.A. § 7-4-2(a)(1)(A) applies to pre-judgment interest); see also O.C.G.A. § 7-4-2(a)(1)(A) ("The legal rate of interest shall be 7 percent per annum simple interest where the rate percent is not established by written contract."). Based on the simple interest formula provided by Plaintiff, the pre-judgment interest through the date of this Order, March 16, 2026, on the Briar Creek Home agreement is $36,538.86.[2] The pre-judgment interest on the Eagle Pass Home agreement totals $35,271.60.[3] The total pre-judgment interest amount is $71,810.46.

---

[2] Simple Interest Formula: Principal Balance*(1+interest rate*time in years = Final Amount. $196,975.00*(1+0.07*2.65) = $233,513.86. Time in years = July 22, 2023 to March 16, 2026 = 968 days / 365 days. Interest accrued is $36,538.86 ($233.513.86-$196,975.00).

[3] $193,800.00*(1+0.07*2.60) = $229,071.60. Time in years = August 11, 2023 to March 16, 2026 = 948 days / 365 days. Interest accrued is $35,271.60 ($229,071.60-$193,800.00).

9

Further, Plaintiff requests attorneys' fees based on Defendant's bad faith. (Doc. 13, at 6-7.)  Georgia law allows for the collection of litigation expenses where "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense[.]"  O.C.G.A. § 13-6-11.  The lack of effort by Defendant to uphold his end of the agreements constitutes evidence of bad faith in Defendant's dealings, as outlined above.  Plaintiff's motion includes an affidavit from Attorney Alec N. Sedki asserting that his hourly rate is $330.00 per hour and the total attorneys' fees and litigation expenses on this matter equaled $20,193.60.  (Doc. 13-3, at 3-4.)  Upon review of the billing account records, the Court calculated the attorneys' fees totaling $12,881.30 and requested clarification from Plaintiff on the discrepancy between its provided figure and the Court's determination.  (Doc. 15, at 2.) Plaintiff confirmed that a simple calculation error led to the inflated total and agreed with the Court's calculation.  (Doc. 16, at 1.)

"The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (quotations omitted) (noting that courts may consider twelve factors in determining the

10

reasonableness of hours and rates[4]).    The product of these two figures is the "lodestar."    Id.    "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."    Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).    Generally, the relevant legal community is that of the place where the case is filed.    See Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994).    Thus, the relevant legal market for this Court is the Augusta legal market, where the reasonable rate for more experienced attorneys is $450/hour, for other attorneys is $315/hour, and for paralegals is $150/hour.    See Jackson v. Johnson, No. 123-cv-074, Doc. 18 (S.D. Ga. Aug. 31, 2024); Whitesell Corp. v. Electrolux Home Prod., Inc., No. 103-cv-050, 2021 WL 9316401, at *2 (S.D. Ga. July 20, 2021). After calculating the lodestar, the Court may then consider whether it should be adjusted upwards or downwards.    Norman, 836 F.2d at 1302; Lambert v. Fulton Cnty., 151 F. Supp. 2d 1364, 1369 (N.D. Ga. 2000).    "The fee applicant bears the burden of establishing

---

[4] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.    Bivins, 548 F.3d at 1350 n.2.

11

entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303.

The Court finds that the hourly rates for the attorneys billing on the matter, between $330.00 per hour to $350.00 per hour, are within the reasonable range such that they are aligned with the norms of the Augusta legal market. See Jackson, No. 123-cv-074, Doc. 18; Yarbrough v. Georgia-Carolina Stucco, Inc., No. 122-cv-070, Doc. 70 (S.D. Ga. Feb. 24, 2026). For example, Attorney Sedki states he has been practicing law since 2002 and he has "practiced extensively in the area of commercial litigation;" thus, the Court finds his rate of $330.00 per hour is reasonable. (Doc. 13-3, at 3.) Plaintiff also provides billing records for all hours billed on the matter. (Id. at 6-19.) While exercising proper "billing judgment," attorneys must exclude excessive, redundant, or otherwise unnecessary hours from fee applications. ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). "[H]ours excluded are those that would be unreasonable to bill a client" without reference to the skill, reputation, or experience of counsel. Norman, 836 F.2d at 1301. "[A] lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis." Id. Upon review of the billing entries, the Court

12

finds the 37 hours expended by attorneys on the litigation are reasonable. (Doc. 13-3, at 6-19.)

Additionally, Plaintiff put Defendant on notice that it is seeking attorneys' fees under O.C.G.A. § 13-6-11 as part of the relief requested in its complaint. (Doc. 4, at 11-12.) In that case, "if a default judgment is subsequently entered against the defendant for failing to answer the complaint, then the plaintiff is entitled to an award of attorney fees and expenses as a matter of law from the defendant having caused unnecessary trouble and expense." Water's Edge Plantation Homeowner's Ass'n, Inc. v. Reliford, 727 S.E.2d 234, 237 (Ga. App. 2012) (citation omitted). Given the above, an award of attorneys' fees in the amount of $12,881.30 is appropriate.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment (Doc. 13) is **GRANTED**.

For actual damages, the Court **GRANTS** the motion with respect to the amount of $196,975.00 for breach of the Briar Creek Home agreement and $193,800.00 for breach of the Eagle Pass Home agreement, totaling $390,775.00.

For pre-judgment interest, the Court **GRANTS** the motion with respect to the amount of $71,810.46 as calculated through the date of this Order.

For attorneys' fees, the Court **GRANTS** the motion with respect to the amount of $12,881.30 calculated by the Court based on Defendant's bad faith acts and dealings.

Plaintiff is also entitled to collect post-judgment interest on the total judgment awarded at the legal rate from the date of this judgment until paid.

The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff and against Defendant in the amount of **$475,466.76**; **TERMINATE** any remaining motions and deadlines, if any; and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this __16th__ day of March, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

14